IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Montgomery Division

RECEIVED
2006 AUG -1  P 2: 22

[illegible] P. HACKETT, CLK
[illegible] DISTRICT COURT
[illegible] DISTRICT ALA

KIMBERLEY N. HOLLEY,

Plaintiff,

v.

Civil Action No. 2:06cv677

WORLDWIDE ASSET PURCHASING, LLC,

LAW OFFICES OF GERALD E. MOORE
  & ASSOCIATES, P.C.,

GERALD E. MOORE

and

DANIELLE M. HILL,

Defendants.

DEMAND FOR
JURY TRIAL

## COMPLAINT

### Introduction

This is a civil action brought against the above-named defendants because they have engaged in a serious of actions for the purpose of pressuring the plaintiff, Kimberley N. Holley, to pay a debt she does not owe. Ms. Holley has advised the defendants on several occasions that she does not owe this debt and that she never entered into the credit card agreement on which the claim is based. The defendants have never provided her with any documents or evidence in support of their claim against her, nor have they offered any explanation or justification for their claim that she should pay it. In June, 2006, despite Ms. Holley's denial of any liability and despite the fact that they had no evidence to support this claim, the defendants initiated an

arbitration proceeding against Ms. Holley with the National Arbitration Forum seeking an arbitration award requiring her to pay the sum claimed. In the arbitration claim, the defendants again failed to produce any evidence showing that Ms. Holley owed the debt as alleged or that she was ever a party to the contract involved. They also failed to produce any evidence showing that Ms. Holley had consented to arbitration.

Ms. Holley seeks statutory and actual damages under the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices. In addition, she seeks a declaratory judgment that the defendants may not compel her to submit this dispute to arbitration and a preliminary injunction staying the arbitration proceeding until this Court can rule on the issue of arbitrability. She also seeks her costs and attorney's fees in this action.

### Jurisdiction and Venue

1. This Court has jurisdiction to hear Plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA), under 15 U.S.C. §1692k(d), and 28 U.S.C. §1331.

2. This Court is authorized to hear the plaintiff's claims for declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

3. Venue is proper in the Middle District of Alabama because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. §1391(b).

### Parties

4. Plaintiff Kimberley N. Holley resides in Dothan, Alabama. Ms. Holley is a "consumer" within the meaning of the Fair Debt Collection Practices Act (FDCPA) in that she is a person "allegedly obligated to pay" a debt. 15 U.S.C. §1692a(3).

5. Defendant Worldwide Asset Purchasing, LLC, ("Worldwide") is a corporation with its principal place of business located in Atlanta, Georgia. Worldwide is engaged in the business of collecting consumer debts.

6. Defendant Gerald E. Moore ("Moore") is an attorney licensed to practice in Georgia. He is the owner of defendant Law Offices of Gerald E. Moore & Associates, P.C., and he directs the actions of that organization.

7. Defendant Law Offices of Gerald E. Moore & Associates, P.C. ("Moore Law Office") is, on information and belief, a professional corporation providing legal services. A substantial portion of this defendant's business involves the collection of consumer debts. The Moore Law Office's principal place of business is located in Marietta, Georgia.

8. Defendant Danielle M. Hill ("Hill") is an attorney employed by the Moore Law Office.

9. All the defendants are "debt collectors" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

### Statement of Facts

10. Prior to June 12, 2006, defendant Moore Law Office sent the plaintiff, Kimberley N. Holley, at least two letters on behalf of defendant Worldwide Asset Purchasing, LLC, demanding that she pay a sum claimed as due on a certain credit card account.

11. Defendant Worldwide has alleged that this credit card account was originally entered into between Ms. Holley and Household Bank, N.A., that Worldwide is the successor in interest to Household Bank on this account, and that it is entitled to demand payment of the balance due on this account.

12. Ms. Holley did not enter into any credit card agreement with Household Bank, N.A. and was not a party to whatever agreement Worldwide bases its claim on.

13. After receiving the second letter from the Moore Law Offices, Ms. Holley telephoned that office and explained to the person she spoke with that there had been a mistake, that she had never been a party to the credit card contract on which their claim was based, and that she did not owe the money claimed.

14. On June 16, 2006, Ms. Holley received a certified letter from defendant Moore Law Office which informed her that it had commenced an arbitration claim against her by submitting the matter to the National Arbitration Forum (NAF). The Moore Law Office asked that an arbitration award be entered against her based on the Household credit card account for the sum of $973.43 plus interest, attorney's fees and other costs of collection.

15. The NAF is a nationally known agency based in Minneapolis, Minnesota. NAF offers arbitration services throughout the United States.

16. According to Rule 12 of the NAF's Code of Procedure, an arbitration proceeding is commenced with NAF by filing an "initial claim." An initial claim is supposed to include "a copy of Documents that support the claim" (Rule 12(A)(3)) and "a copy of the arbitration agreement" or information describing the agreement's location (Rule 12(A)(2)).

17. The NAF claim filed by the Moore Law Office against Ms. Holley did not contain any document purporting to have been signed by Ms. Holley, any copies of billing statements alleged to have been sent to her concerning this credit card account, or any other documentation demonstrating that Ms. Holley had ever been a party to the alleged credit card agreement.

18. In addition, the NAF claim filed by the Moore Law Office against Ms. Holley did not contain any evidence demonstrating that she had agreed to submit disputes regarding the alleged

4

credit card account to arbitration.

19. The NAF claim filed by the Moore Law Office did not include any document or other evidence showing that Ms. Holley had agreed to arbitrate this dispute. The NAF claim included only a copy of a generic printed brochure headed "Cardmember Agreement and Disclosure Statement" which included an arbitration clause.

20. The generic printed brochure referred to above was not signed by Ms. Holley, and it did not include any notes, markings or other evidence indicating that Ms. Holley had ever agreed to its terms.

21. Ms. Holley never agreed to waive her right to a judicial determination of the issue of her alleged debt to Worldwide, with the related rights to a jury trial and appellate review of any adverse determination, and instead submit that issue to arbitration.

22. The Moore Law Office, in submitting the arbitration claim to NAF, was acting as agent for Worldwide.

23. The claim submitted by the Moore Law Office to the NAF was signed by defendant Danielle M. Hill, as agent for the Moore Law Office and for Worldwide.

24. In the arbitration claim document, Ms. Hill states "under penalty of perjury, that the information contained in this Claim and the supporting documents attached hereto are accurate."

25. At the time she signed the arbitration claim, with the statement quoted above, and submitted it to NAF, Ms. Hill was not in possession of sufficient information to be able to state that the information contained in the arbitration claim was accurate.

26. The information contained in the arbitration claim was not accurate, in that it asserted falsely, among other things, that Ms. Holley had an unpaid debt based on a credit card account with Household Bank which was due and owing.

27. After she received a copy of the arbitration claim in the mail, Ms. Holley again telephoned the Moore Law Office a number of times in an effort to resolve this situation.

28. Three of Ms. Holley's telephone calls ended when she was asked to provide part of her Social Security number and refused. Each time she did that, the person she was speaking to hung up the phone abruptly and without warning.

29. Despite her treatment by agents of the Moore Law Office, Ms. Holley called back yet again and asked to speak with a supervisor. During this conversation, the supervisor advised Ms. Holley, falsely, that he had spoken with her father. He also stated that the Moore Law Office had confirmed she was the person who owed the debt. He stated that they knew where she was and that she could not hide from them, among other things. The person she spoke with instructed her not to call the Moore Law Office again.

30. On July 11, 2006, Ms. Holley, acting through her attorney, sent a letter to the Moore Law Office in which, among other things, she asked them to provide any documentation they had showing that she owed this money. According to the post office receipt, this letter was received on July 13, 2006.

31. To date, none of the defendants have provided any documentation to Ms. Holley or her attorney in response to this request.

32. In the July 11 letter, Ms. Holley, acting through her attorney, also asked the Moore Law Office to dismiss the arbitration proceeding if they could not find any evidence confirming that she owed the debt as claimed. In the alternative, she asked them to agree to have the arbitration proceeding stayed to permit this Court to decide whether this claim was subject to arbitration.

33. To date, none of the defendants have responded to any of the requests in the July 11

letter.

## First Cause of Action:
## Fair Debt Collection Practices Act

The plaintiff repeats and re-alleges all the above allegations of fact as if fully set forth here.

34. The defendants joined together and have participated in a civil conspiracy to pressure Ms. Holley to pay them money for a debt she does not owe. They are all, therefore, jointly liable to her for all her damages suffered as a result of this conspiracy.

35. The actions of the defendants, as set forth above, violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, including but not limited to the following:

(a) 15 U.S.C. §1692d, prohibiting "any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;"

(b) 15 U.S.C. §1692e, prohibiting the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt;"

(c) 15 U.S.C. §1692e(2)(a), prohibiting "the false representation of . . . the character, amount or legal status of any debt;"

(e) 15 U.S.C. §1692e(10), prohibiting "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;"

(f) 15 U.S.C. §1692f, prohibiting the use of any "unfair or unconscionable means to collect or to attempt to collect any debt."

The plaintiff reserves the right to amend this list by adding additional FDCPA violations if she learns of them in the course of this litigation.

36. As a direct result of the defendants' actions in violation of the FDCPA, as described above, the plaintiff has suffered financial loss and she has experienced serious emotional distress, fear, anger and shame and mental anguish.

37. The defendants are liable to the plaintiff under the provisions of the FDCPA for statutory damages, for an amount sufficient to compensate her for her actual damages, and for her costs and attorney's fees in this action. 15 U.S.C. §1692k.

## Second Cause of Action:
## Declaratory and Injunctive Relief

The plaintiff repeats and re-alleges all the above allegations of fact as if fully set forth here.

38. As described above, the defendants have initiated an arbitration proceeding with the NAF regarding the debt which they claim is owed to them by Ms. Holley.

39. Ms. Holley was not a party to the contract involved in this claim, and she never agreed to submit such a claim to arbitration.

40. Ms. Holley has asked the defendants to dismiss the arbitration claim voluntarily or, in the alternative, to agree to stay all arbitration proceedings until this Court can resolve the question whether this claim is subject to arbitration. The defendants have not responded to these requests.

41. There is an actual controversy between Ms. Holley and the defendants as to whether this claim is subject to arbitration.

42. If the arbitration proceeds before this Court is able to rule on the issue of arbitrability, Ms. Holley will be subjected to irreparable injury in that she will be forced to choose between (1) participating in the arbitration proceeding, which will entail time, expense,

and additional stress, among other things, or (2) refusing to participate in the arbitration proceeding and risking the possibility of a binding adverse ruling.

43. This Court should enter a judgment pursuant to the provisions of the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring that the claim that Ms. Holley owes a debt to Worldwide is not subject to arbitration. In addition, this Court should issue a preliminary injunction enjoining the defendants from proceeding with arbitration pending a ruling by the Court on this issue.

## Jury Trial Demanded

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the plaintiff hereby demands a jury trial of the issues in this action.

## Prayer for Relief

WHEREFORE, for the reasons stated above, the plaintiff, Kimberley N. Holley, by counsel, hereby asks this Court for the following relief:

1. With regard to her claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, award her appropriate statutory and compensatory damages and her costs and attorney's fees in this action;

2. With regard to her claim for a declaratory judgment,

(a) enter a preliminary injunction prohibiting the defendants from proceeding with arbitration until this Court has had an opportunity to rule whether Ms. Holley may be compelled to submit this matter to arbitration; and

(b) enter a declaratory judgment in her favor and against the defendants declaring that

there is no agreement for arbitration between these parties and that Ms. Holley may not be compelled to submit this claim to arbitration; and

    3. Grant her such other and further relief as to this Court shall seem just and proper.

                                            Respectfully submitted,

                                            KIMBERLEY N. HOLLEY
                                            Plaintiff
                                            By Counsel

_/s/ Edward M. Wayland_
Edward M. Wayland, Esq.
AOC # WAY004
P.O. Box 17
Montgomery, AL  36101
(334) 834-9901
(334) 264-8742 (fax)
e-mail: edwayland@yahoo.com

Counsel for Plaintiff