IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Montgomery Division

KIMBERLEY N. HOLLEY,

        Plaintiff,

v.

                                              Civil Action No.
                                              2:06-cv- 677

WORLDWIDE ASSET
        PURCHASING, LLC, et al.,

        Defendants.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION
FOR A PRELIMINARY INJUNCTION**

The plaintiff has filed a motion under the provisions of Rule 65 of the Federal Rules of Civil Procedure asking this Court to enter a preliminary injunction imposing a temporary stay on an arbitration proceeding initiated by the defendants against the plaintiff until this Court can rule whether the defendants can require the plaintiff to submit this issue to arbitration. The plaintiff submits this memorandum in support of her motion. For the reasons given below, the plaintiff asks this Court to issue the preliminary injunction.

**I. Procedural and Factual Background**

The plaintiff, Kimberley N. Holley, filed the above-styled action on August 1, 2006, alleging that the defendants had taken a series of actions for the purpose of forcing her to pay a debt she did not owe, in violation of the provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.* These actions included the filing of an arbitration

proceeding with the National Arbitration Forum (NAF) seeking an award requiring Ms. Holley to pay the disputed debt.

The defendants are Worldwide Asset Purchasing, LLC ("Worldwide"), a corporation engaged in the business of collecting consumer debts, and Worldwide's attorneys. The debt is alleged to be due and owing on the basis of a credit card agreement which Worldwide has asserted it is entitled to collect because it is the assignee of the original credit card issuer. See NAF Claim, ¶2, attached as an Exhibit to the Declaration of Kimberley N. Holley, which was submitted with the plaintiff's motion for a preliminary injunction.

Ms. Holley was never a party to the credit card agreement and she was therefore not responsible for any balance that may have been due under that agreement. E.g., Complaint, ¶12. Prior to the time the arbitration proceeding was initiated, Ms. Holley informed the defendants that she was not a party to the credit card agreement and that she did not owe the debt they were claiming. Complaint, ¶13. Despite Ms. Holley's protests, the defendants filed an arbitration claim against her with the NAF on or about June 12, 2006. (See Exhibit attached to Declaration of Kimberley N. Holley.) As a review of NAF claim will show, the defendants failed to produce any documentary evidence indicating that Ms. Holley was ever a party to the credit card agreement, and they did not refer to or allege the existence of any such evidence in the body of their NAF claim. There was also no evidence showing that Ms. Holley had consented to arbitration.

After receiving notice of the arbitration proceeding, Ms. Holley made several telephone calls to the defendants to attempt again to explain that this was not her account. She was unsuccessful in persuading them to abandon their claim. Complaint, ¶¶27-29. On July 11, 2006, Ms. Holley, by her attorney, wrote to the defendants and again advised them that this was not her

account. The July 11 letter asked the defendants to produce any evidence they had which would demonstrate that Ms. Holley was the person who owed this debt. To date, the defendants have not produced any such evidence. Complaint, ¶¶30-31.

The July 11 letter also asked the defendants to dismiss the arbitration proceeding voluntarily or, in the alternative, to agree that the arbitration proceeding should be temporarily stayed to permit this Court to rule on the question whether the defendants could require Ms. Holley to submit this dispute to arbitration. Complaint, ¶32. Since Ms. Holley had never been a party to the credit card agreement, she had also never consented to arbitration. Complaint, ¶21. To date, the defendants have not responded to these requests. Complaint, ¶33.

In her Complaint, Ms. Holley asked this Court for a declaratory judgment that she was not required to submit this dispute to arbitration. Complaint, Second Cause of Action, ¶¶38-43. Ms. Holley's motion for a preliminary injunction is presented for the purpose of obtaining a temporary stay of the arbitration proceeding so that this Court may first rule whether Ms. Holley is required to submit this issue to arbitration or not.

## II. Standard for a Preliminary Injunction

In *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097-1100 (2004), the 11th Circuit Court of Appeals described three types of injunction a federal court has the authority to issue. In this case, a preliminary injunction is justified under two of these three grants of authority.

First, a preliminary injunction may be granted as a "traditional" injunction under what the 11th Circuit described as the court's "long-recognized, inherent equitable powers." *Id.*, at 1097. The standards for issuing such an injunction have been stated many times, and they were repeated by the 11th Circuit in *Klay*. Under these standards, a party may be awarded a

preliminary injunction if:

> 1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Id.* As the discussion in the next section of this memorandum demonstrates, the plaintiff meets all of these requirements.

The 11th Circuit also described the authority of federal courts to enter injunctions under the All Writs Act, 28 U.S.C. §1651(a), which states that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Klay*, 376 F.3d at 1099. As demonstrated below, absent an explicit agreement to the contrary in the arbitration agreement itself, the decision whether a party may be compelled to submit an issue to arbitration is uniformly recognized as a decision to be made by the court and not by the arbitrator. See discussion below at 9. Ms. Holley has alleged that she was never a party to the contract on which the defendants' claim is based and that she never, therefore, consented to arbitration of that claim.

In order for this Court to perform its function, therefore, the arbitration proceeding must be temporarily stayed so that the Court may consider and rule on this issue. Arbitration is a proceeding offering a speedy process and a quick and final outcome. If the arbitration proceeding is not stayed at this time, there is the danger that the issue will become moot, and the plaintiff prejudiced, before the Court has been able to rule. In order to protect its ability to issue a meaningful ruling on the issue of arbitrability, therefore, and the plaintiff's right to have the Court consider and rule on that issue at a meaningful time, the All Writs Act authorizes this Court to issue the temporary stay requested.

4

### III. This Court should issue the preliminary injunction under its inherent equitable powers.

**A. The plaintiff has a strongly likelihood of success on the merits.**

The plaintiff has sought a declaratory judgment ruling that she may not be compelled to submit her dispute with the defendants to arbitration. Complaint, Second Cause of Action, ¶¶38-43. The key issue for the Court to resolve in ruling on this claim is whether the plaintiff was a party to the credit card agreement, and its arbitration clause, or not.

The plaintiff has alleged that she was not a party to this agreement (Complaint, ¶12) and that she did not agree to arbitration (Complaint, ¶21). In her Declaration, Ms. Holley affirms that this is so (Declaration, ¶4) and that the allegations of the Complaint relating to these issues are true and correct (Declaration, ¶2). In their NAF claim (which is attached as an Exhibit to Ms. Holley's Declaration), the defendants offer no documentary proof showing that Ms. Holley was ever a party to this agreement, and they do not refer to any such evidence in any other way. Finally, despite repeated requests, the defendants have failed to provide either Ms. Holley or her attorney with any such proof. It is certainly reasonable under these circumstances for this Court to conclude that no such proof exists, because Ms. Holley was not in fact a party to the credit card agreement.

Absent additional evidence from the defendants, therefore, it is clear that Ms. Holley will prevail on her claim for a declaratory judgment that she was not a party to the credit card agreement and that she did not consent to arbitration. Under these circumstances, the first requirement for the issuance of a preliminary injunction -- likelihood of success on the merits -- has clearly been met.

## B. The plaintiff will suffer irreparable injury if the preliminary injunction is not issued.

If the Court does not issue the preliminary injunction imposing a temporary stay on the arbitration proceedings, then Ms. Holley will clearly suffer irreparable injury. She will be forced to choose between two courses of action: (1) participating in the arbitration proceeding, with its attendant costs in time, expense and stress or (2) refusing to participate in the proceeding and suffer the risk of a binding and unappealable adverse decision. She will also be in danger of losing her right to have this Court determine in the first instance whether she may be required to submit this matter to arbitration or not.

The courts have had little trouble finding irreparable injury in this situation. *Maryland Cas. Co. v. Realty Advisory Bd. on Labor Rels.*, 107 F.3d 979, 985 (2nd Cir. 1997); *Textile Unlimited v. A..BMH & Co.*, 240 F.3d 781, 786 (9th Cir. 2001); *Paine Webber, Inc. v. Hartmann*, 921 F.2d 507 (3d Cir. 1990). In *Hartmann*, the 3rd Circuit said

> we think it obvious that the harm to a party would be *per se* irreparable if a court were to abdicate its responsibility to determine the scope of an arbitrator's jurisdiction and, instead, were to compel the party, who has not agreed to do so, to submit to an arbitrator's own determination of his authority. Even if such things could be known in advance, it would be irrelevant whether the arbitrator's determination would be the same as the court's. A reluctant party has a right to a judicial determination of his obligation to arbitrate.

921 F.2d at 515.

*Klay v. United Health Group, Inc., supra*, does not require a different result. In that case, the 11th Circuit ruled that a district court should not enter an injunction barring an arbitration proceeding even where the court had concluded that the issues involved were not subject to arbitration. At the time the injunction was sought in *Klay*, however, the district court had already ruled on the issue of arbitrability. The issue was whether, having ruled that certain issues were not subject to arbitration, the court should then issue an injunction prohibiting the arbitration

from proceeding. The 11th Circuit reasonably concluded that in such a situation there would be no need for an injunction. The arbitration proceeding, if pursued, would have no legal effect and be "nothing more than a moot court session." 376 F.2d at 1113.

The court distinguished that situation from one such as the present case where a party is seeking a preliminary injunction in an ongoing case. *Id.* at 1111. In this case, until the Court rules on the issue of arbitrability, the arbitration proceeding is far from "a moot court session." It is a real proceeding with the risk of negative consequences for Ms. Holley.

In addition, Ms. Holley is not seeking an order barring arbitration altogether, but merely a temporary stay of those proceedings to give this Court time to consider and rule on the issue of arbitrability. Once this Court has ruled, one way or the other, the injunction can be dissolved. Such an approach is completely consistent with *Klay*.

This Court should find that the plaintiff has met the requirement of showing irreparable injury if the injunction is not granted.

### C. There will be no harm to the defendants if an injunction is granted.

By contrast to the plaintiff's situation, the defendants will suffer no harm if the arbitration proceedings are stayed to allow this Court to rule on the issue of arbitrability. The plaintiff is merely seeking to delay the arbitration until the Court can rule on arbitrability. This need not be a lengthy process, and could be accomplished in a matter of a few months or less.

If the Court rules that the plaintiff need not submit to arbitration, then there will be no harm to the defendants from the delay at all. They will merely be in the situation the law requires them to be in. Even if the Court rules that the defendants may require the plaintiff to submit to arbitration, there will still be no harm. The defendants have claimed a right to interest

in their NAF claim (¶6) at the rate of 23.90%. If this claim prevails, they will be amply compensated for any delay in proceeding to a final resolution

### D. The public interest will be served by granting the preliminary injunction.

The courts have recognized a strong public interest in favor of arbitration when the parties have agreed to it. While federal policy favors arbitration, however, it is "a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). The courts have also recognized a strong interest in having the courts themselves rule on the question of arbitrability, particularly where the party who is resisting arbitration claims to have never agreed to it in the first place. "The question whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability,' is 'an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.'" *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *AT & T Tech., Inc. v. Communications Workers*, 475 U.S. 643, 649, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986)).

Granting a temporary stay of the arbitration proceeding to permit this Court to rule on the issue of arbitrability is the best way to serve the public interests identified above.

### IV. This Court also has the authority to issue the preliminary injunction under the All Writs Act.

As previously noted, federal courts are authorized to issue injunctions by the All Writs Act, 28 U.S.C. §1651(a), which states that federal courts "may issue all writs necessary or

appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Such an injunction is "directed at conduct which, left unchecked, would have had the practical effect of diminishing the court's power to bring the litigation to a natural conclusion." *ITT Community Development Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978). In *Barton*, the 5th Circuit also noted that injunctions to preserve the status quo to allow a court to rule were an good example of the use of the power in the All Writs Act: "a federal court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." *Id.*, at 1359, n. 19.

As previously noted, the issue of arbitrability is an issue for the Court -- and not the arbitrator -- to resolve. As the Supreme Court has stated,

> the question of arbitrability -- whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance -- is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator.

*AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649 (1986). *See also Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002); *Rainbow Inv., Inc. v. Super 8 Motels, Inc.*, 973 F. Supp. 1387, 1390 (M.D. Ala. 1997) ("cases where not merely the enforceability, but the initial formation or existence of a contract, including a disputed arbitration clause, is legitimately called into question . . . must be decided by the court"); *Holloway v. Jim Walter Homes*, --- F. Supp. 2d ---, 2006 U.S. Dist. LEXIS 42274 (M.D. Ala. June 22, 2006).

In order for this Court to serve its proper role and rule on the issue of arbitrability, the pending arbitration proceeding must be placed on hold. Otherwise, the plaintiff is in danger of losing her right to a meaningful determination of that issue by this Court. This Court should, therefore, issue the temporary stay in this matter, as authorized by the All Writs Act.

## Conclusion

For the foregoing reasons, the plaintiff, Kimberly N. Holley, asks this Court to issue a preliminary injunction ordering a temporary stay of the arbitration proceedings now pending to permit this Court time to consider and rule on the issue whether she can be compelled to submit to arbitration.

Respectfully submitted,

KIMBERLEY N. HOLLEY
Plaintiff
By Counsel

_Edward M. Wayland_
Edward M. Wayland, Esq.
AOC # WAY004
P.O. Box 17
Montgomery, AL  36101
(334) 834-9901
(334) 264-8742 (fax)
e-mail: edwayland@yahoo.com

Counsel for Plaintiff

## CERTIFICATION

I hereby certify that I mailed a true copy of the foregoing Plaintiff's Memorandum in Support of Her Motion for a Preliminary Injunction to each of the defendants in this action at the following address: Law Offices of Gerald E. Moore & Associates, P.C., 2253 Northwest Parkway, Suite 300B, Marietta, GA  30067, on this 2nd day of August, 2006.

_Edward M. Wayland_
Edward M. Wayland