**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**Montgomery Division**

**KIMBERLEY N. HOLLEY,**

       **Plaintiff,**

**v.**

                                  **Civil Action No.**
                                  **2:06-cv-677-CSC**

**WORLDWIDE ASSET PURCHASING, LLC,**

**LAW OFFICES OF GERALD E. MOORE**
       **& ASSOCIATES, P.C.,**

**GERALD E. MOORE**
                                  **DEMAND FOR**
**and**                                   **JURY TRIAL**

**DANIELLE M. HILL,**

       **Defendants.**

**AMENDED COMPLAINT**

**Introduction**

This is a civil action brought against the above-named defendants because they have engaged in a serious of actions for the purpose of pressuring the plaintiff, Kimberley N. Holley, to pay a debt she does not owe. Ms. Holley has advised the defendants on several occasions that she does not owe this debt and that she never entered into the credit card agreement on which the claim is based. The defendants have never provided her with any documents or evidence in support of their claim against her, nor have they offered any explanation or justification for their claim that she should pay it. In June, 2006, despite Ms. Holley's denial of any liability and despite the fact that they had no evidence to support this claim, the defendants initiated an

arbitration proceeding against Ms. Holley with the National Arbitration Forum seeking an arbitration award requiring her to pay the sum claimed. In the arbitration claim, the defendants again failed to produce any evidence showing that Ms. Holley owed the debt as alleged or that she was ever a party to the contract involved. They also failed to produce any evidence showing that Ms. Holley had consented to arbitration.

Ms. Holley seeks statutory and actual damages under the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices. In addition, she seeks a declaratory judgment that the defendants may not compel her to submit this dispute to arbitration. She also presents a supplemental state law claim for damages for defamation.

## Jurisdiction and Venue

1. This Court has jurisdiction to hear the plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA), under 15 U.S.C. §1692k(d), and 28 U.S.C. §1331.

2. This Court is authorized to hear the plaintiff's claims for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

3. This Court has supplemental jurisdiction to hear the plaintiff's state law claim for defamation. 28 U.S.C. §1367(a).

4. Venue is proper in the Middle District of Alabama because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. §1391(b).

## Parties

5. Plaintiff Kimberley N. Holley resides in Dothan, Alabama. Ms. Holley is a "consumer" within the meaning of the Fair Debt Collection Practices Act (FDCPA) in that she is

a person "allegedly obligated to pay" a debt.  15 U.S.C. §1692a(3).

6.  Defendant Worldwide Asset Purchasing, LLC, ("Worldwide") is, on information and belief, a limited liability corporation with an office in Marietta, Georgia.  Worldwide is engaged in the business of collecting consumer debts.

7.  On information and belief, defendant Gerald E. Moore ("Moore") is an attorney licensed to practice in Georgia.  He is the owner of defendant Law Offices of Gerald E. Moore & Associates, P.C., and he directs the actions of that organization.

8.  Defendant Law Offices of Gerald E. Moore & Associates, P.C. ("Moore Law Office") is, on information and belief, a professional corporation incorporated in the State of Georgia providing legal services.  A substantial portion of this defendant's business involves the collection of consumer debts.  The Moore Law Office's principal place of business is located in Marietta, Georgia.

9.  Defendant Danielle M. Hill ("Hill") is an attorney employed by the Moore Law Office.

10.  All the defendants are "debt collectors" within the meaning of the FDCPA.  15 U.S.C. §1692a(6).

### Statement of Facts

11.  Prior to June 12, 2006, defendant Moore Law Office sent the plaintiff, Kimberley N. Holley, at least two letters on behalf of defendant Worldwide Asset Purchasing, LLC, demanding that she pay a sum claimed as due on a certain credit card account.

12.  Defendant Worldwide has claimed that this credit card account was set up because of an agreement originally entered into between Ms. Holley and Household Bank, N.A.;  that

Worldwide is the successor in interest to Household Bank on this account; and that Worldwide is entitled to demand payment of the balance due on this account.

13. Ms. Holley did not enter into any credit card agreement with Household Bank, N.A. and was not a party to whatever agreement Worldwide bases its claim on.

14. After receiving the second letter from the Moore Law Office, Ms. Holley telephoned that office and explained to the person she spoke with that there had been a mistake, that she had never been a party to the credit card contract on which their claim was based, and that she did not owe the money claimed.

15. On June 16, 2006, Ms. Holley received a certified letter from defendant Moore Law Office which informed her that it had commenced an arbitration claim against her by submitting the matter to the National Arbitration Forum (NAF). The Moore Law Office asked that an arbitration award be entered against her based on the Household credit card account for the sum of $973.43 plus interest, attorney's fees and other costs of collection.

16. The NAF is a nationally known arbitration agency based in Minneapolis, Minnesota. NAF offers arbitration services throughout the United States.

17. According to Rule 12 of the NAF's Code of Procedure, an arbitration proceeding is commenced with NAF by filing an "initial claim." An initial claim is supposed to include "a copy of Documents that support the claim" (Rule 12(A)(3)) and "a copy of the arbitration agreement" or information describing the agreement's location (Rule 12(A)(2)).

18. The NAF claim filed by the Moore Law Office against Ms. Holley did not contain any document purporting to have been signed by Ms. Holley, any copies of billing statements alleged to have been sent to her concerning this credit card account, or any other documentation demonstrating that Ms. Holley had ever been a party to the alleged credit card agreement.

19. The NAF claim filed by the Moore Law Office did not include any document or other evidence showing that Ms. Holley had ever agreed to arbitrate this dispute.

20. The NAF claim included a copy of a generic printed brochure headed "Cardmember Agreement and Disclosure Statement" which included an arbitration clause. This brochure was not signed by Ms. Holley, and it did not include any notes, markings or other evidence indicating that Ms. Holley had ever agreed to its terms.

21. Ms. Holley never agreed to submit the issue of her alleged debt to arbitration, she never waived her right to a judicial determination regarding any issues relating to this debt, and she never waived her rights to a jury trial and appellate review of any adverse determination in any proceeding regarding this debt.

22. The Moore Law Office, in submitting the arbitration claim to NAF, was acting as agent for Worldwide.

23. The claim submitted by the Moore Law Office to the NAF was signed by defendant Danielle M. Hill, acting as agent for the Moore Law Office and for Worldwide.

24. In the arbitration claim document, Ms. Hill states "under penalty of perjury, that the information contained in this Claim and the supporting documents attached hereto are accurate."

25. At the time she signed the arbitration claim, with the statement quoted above, and submitted it to NAF, Ms. Hill was not in possession of sufficient information to be able to state that the information contained in the arbitration claim was accurate.

26. The information contained in the arbitration claim was not accurate, in that it asserted falsely, among other things, that Ms. Holley had an unpaid debt based on a credit card account with Household Bank which was due and owing and that she had agreed to arbitration of disputes regarding that debt.

27.  After she received a copy of the arbitration claim in the mail, Ms. Holley again telephoned the Moore Law Office a number of times in an effort to resolve this situation.

28.  Three of Ms. Holley's telephone calls ended when she was asked to provide part of her Social Security number and refused.  Each time she did that, the person she was speaking to hung up the phone abruptly and without warning.

29.  Despite her treatment by agents of the Moore Law Office, Ms. Holley called back yet again and asked to speak with a supervisor.  During this conversation, the supervisor advised Ms. Holley, falsely, that he had spoken with her father.  He also stated that the Moore Law Office had confirmed she was the person who owed the debt.  He stated that they knew where she was and that she could not hide from them, among other things.  The person she spoke with instructed her not to call the Moore Law Office again.

30.  On July 11, 2006, Ms. Holley, acting through her attorney, sent a letter to the Moore Law Office in which, among other things, she asked them to provide any documentation they had showing that she owed this money.  According to the post office receipt, this letter was received on July 13, 2006.

31.  To date, none of the defendants have provided any documentation to Ms. Holley or her attorney in response to this request.

32.  In the July 11 letter, Ms. Holley, acting through her attorney, also asked the Moore Law Office to dismiss the arbitration proceeding if they could not find any evidence confirming that she owed the debt as claimed.  In the alternative, she asked them to agree to have the arbitration proceeding stayed to permit this Court to decide whether this claim was subject to arbitration.

33.  As of the date that the original Complaint in this action was filed, none of the

defendants had responded to any of the requests in the July 11 letter.

34.  When they took the actions described above, all of the defendants knew that Ms.
Holley did not in fact owe the debt claimed or they acted with reckless disregard for whether Ms.
Holley actually owed the debt claimed.

35.  After the original Complaint in this action was filed, along with a motion for a
preliminary injunction seeking a stay of the arbitration proceeding so that this Court could rule
whether Ms. Holley could legally be required to have this issue decided by arbitration, the
defendants asked the NAF to dismiss the arbitration proceeding.

36.  At the defendants' request, the arbitration proceeding was dismissed "without
prejudice."

## Civil Conspiracy

35.  The defendants joined together and have participated in a civil conspiracy to pressure
Ms. Holley to pay them money for a debt she does not owe.  They are all, therefore, jointly liable
to her for all her damages suffered as a result of this conspiracy.

## First Cause of Action:
## Fair Debt Collection Practices Act

The plaintiff repeats and re-alleges all the above allegations of fact as if fully set forth
here.

36.  The actions of the defendants, as set forth above, violated various provisions of the
Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, including but not limited to the
following:

(a)  15 U.S.C. §1692d, prohibiting "any conduct the natural consequence of which is to

harass, oppress or abuse any person in connection with the collection of a debt;"

(b) 15 U.S.C. §1692e, prohibiting the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt;"

(c) 15 U.S.C. §1692e(2)(a), prohibiting "the false representation of . . . the character, amount or legal status of any debt;"

(e) 15 U.S.C. §1692e(10), prohibiting "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;"

(f) 15 U.S.C. §1692f, prohibiting the use of any "unfair or unconscionable means to collect or to attempt to collect any debt."

The plaintiff reserves the right to amend this list by adding additional FDCPA violations if she learns of them in the course of this litigation.

37.  As a direct result of the defendants' actions in violation of the FDCPA, as described above, the plaintiff has suffered financial loss, and she has experienced serious emotional distress, fear, anger, shame and mental anguish.

38.  The defendants are liable to the plaintiff under the provisions of the FDCPA for statutory damages, for an amount sufficient to compensate her for her actual damages, and for her costs and attorney's fees in this action.  15 U.S.C. §1692k.

**Second Cause of Action:**
**Declaratory Relief**

The plaintiff repeats and re-alleges all the above allegations of fact as if fully set forth here.

39.  As described above, in June, 2006, the defendants initiated an arbitration proceeding with the National Arbitration Forum (NAF) regarding the debt which they claim is owed to them

by Ms. Holley.

40.  Ms. Holley was not a party to the contract involved in this claim, and she never agreed to submit such a claim to arbitration.

41.  Before filing the Complaint in this action, Ms. Holley asked the defendants to dismiss the arbitration claim voluntarily or, in the alternative, to agree to stay all arbitration proceedings until this Court can resolve the question whether this claim is subject to arbitration. The defendants did not respond to those requests.

42.  At the time she filed her Complaint in this action, Ms. Holley also filed a motion for a preliminary injunction seeking an order staying further arbitration proceedings until this Court could rule whether Ms. Holley could  be legally compelled to submit the issue of her liability for the debt claimed by the defendants to arbitration.

43.  Approximately one week after the Complaint and the motion for a preliminary injunction were filed with this Court, the National Arbitration Forum sent Ms. Holley a letter advising her that the arbitration proceeding had been dismissed at the request of the defendants. The letter stated that the arbitration proceeding had been dismissed "without prejudice."

44.  After being notified that the arbitration proceeding had been dismissed, Ms. Holley was granted leave by this Court to withdraw her motion for a preliminary injunction on the grounds that the relief sought by the motion had been obtained without action by the Court and that the issues presented by that motion were therefore moot.

45.  The defendants continue to claim that Ms. Holley owes them the debt involved in this action.

46.  The fact that the arbitration proceeding was dismissed "without prejudice" means that the defendants are free to start the arbitration proceedings again raising the same issue at any

time.

47.  There is an actual controversy between Ms. Holley and the defendants as to whether she owes the debt claimed and as to whether this claim is subject to arbitration.

48.  This Court should enter a judgment pursuant to the provisions of the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring that Ms. Holley does not in fact owe the debt claimed by Worldwide and declaring further that the claim that Ms. Holley may not be legally compelled to submit this claim to arbitration.


### Third Cause of Action:
### Defamation

The plaintiff repeats and re-alleges all the above allegations of fact as if fully set forth here.

49.  During the course of the arbitration proceeding, the defendants made statements to the effect that Ms. Holley owed a debt to Worldwide and that she had failed to pay that debt when it was due despite "repeated" requests for payment.

50.  The statements described in the preceding paragraph (hereafter, "the statements") were published to third parties, including NAF and its staff.

51.  The statements were not true.

52.  At the time they made the statements, the defendants knew they were not true or acted with reckless disregard for whether they were true or not.

53.  The statements were of a kind to cause damage to the plaintiff's good name and reputation and were defamatory.

54.  As a result of the defendants' having made the statements, the plaintiff was forced to spend time and money to restore her good name.

55.  As a result of the defendants' having made the statements, and of the manner in which they were made, the plaintiff suffered serious emotional distress, fear, anger, shame and mental anguish.

56.  The defendants are liable to the plaintiff in an amount sufficient to fully and fairly compensate her for her damages suffered as a result of their having made the statements.

57.  In addition, the defendants failed to retract the statements when asked to do so by the plaintiff.  In fact the defendants have not retracted the statements as of the date of this Amended Complaint.

58.  In addition to compensatory damages, the defendants are liable to the plaintiff in an appropriate amount for punitive damages.

**Jury Trial Demanded**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the plaintiff hereby demands a jury trial of the issues in this action.

**Prayer for Relief**

WHEREFORE, for the reasons stated above, the plaintiff, Kimberley N. Holley, by counsel, hereby asks this Court for the following relief:

1.  With regard to her claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*,  award her appropriate statutory and compensatory damages and her costs and attorney's fees in this action;

2.  With regard to her claim for a declaratory judgment, enter a declaratory judgment in her favor and against the defendants declaring that (1) Ms. Holley does not owe the debt claimed,

(2) that there is no agreement for arbitration between these parties and that (3) Ms. Holley may not be compelled to submit this claim to arbitration;

    3.  With regard to her claim for defamation, award Ms. Holley appropriate compensatory and punitive damages;  and

    4.  Grant to Ms. Holley such other and further relief as to this Court shall seem just and proper.

                                        Respectfully submitted,

                                        KIMBERLEY N. HOLLEY
                                        Plaintiff
                                        By Counsel


s/  Edward M. Wayland_____
Edward M. Wayland, Esq.
AOC # WAY004
Counsel for Plaintiff

P.O. Box 17
Montgomery, AL   36101
(334) 834-9901
(334) 264-8742 (fax)
e-mail:  edwayland@yahoo.com