IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Montgomery Division

| | |
|---|---|
| KIMBERLEY N. HOLLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-cv-677-CSC |
| ) | |
| WORLDWIDE ASSET ) | |
| PURCHASING, LLC., LAW OFFICES ) | |
| OF GERALD E. MOORE & ) | |
| ASSOCIATES, P.C., GERALD E. ) | |
| MOORE, AND DANIELLE M. HILL, ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO AMENDED COMPLAINT

COME NOW, the Defendants, Worldwide Asset Purchasing, LLC, Law Offices of Gerald E. Moore & Associates, P.C., and Gerald E. Moore, and answer the Amended Complaint filed against them in this matter as follows:

### Introduction

To the extent the introduction states a claim or cause of action against these Defendants, separately or severally, the material averments are denied and strict proof demanded thereof.

### Jurisdiction and Venue

1.  The Defendants admit the court has jurisdiction to hear claims made under the Fair Debt Collection Practices Act. The Defendants deny any violation of that act.

2.  Admitted.

3. The Defendants admit this court has supplemental jurisdiction over specific state law claims, but denies any violation of any law of the State of Alabama.

4. Admitted.

### Parties

5. Admitted.

6. The Defendant Worldwide Asset Purchasing admits this averment.

7. The Defendant Gerald E. Moore admits he is an attorney licensed to practice in the State of Georgia and California. He is a shareholder and CEO of Law Offices of Gerald E. Moore & Associates, P.C.

8. Admitted by Law Offices of Gerald E. Moore

9. Admitted.

10. Denied.

### Statement of Facts

11. Admitted.

12. Admitted.

13. Denied.

14. The Defendants admit a person claiming to be Ms. Holley called the Law Office of Gerald E. Moore and denied responsibility for the debt. This individual promised to provide additional account information establishing that the debt was not her responsibility.

15. The Defendants do not know the date on which Ms. Holley received a certified letter regarding the arbitration claim. The remainder of this averment is admitted.

16. Admitted.

17. The Defendants plead that the code of procedure as established by the National Arbitration Forum is the best evidence of its terms and provisions, and plead that this averment does not require an admission or a denial.

18. Denied.

19. Denied.

20. Denied as phrased. The Card member Agreement and Disclosure Statement is a bargained-for condition of the original extension of credit and is properly assignable to subsequent purchasers of the indebtedness.

21. Denied.

22. Admitted.

23. Admitted.

24. Admitted.

25. Denied.

26. Denied.

27. The Defendants admit receiving calls from an individual purporting to be the Plaintiff, but denies an effort to resolve this situation on behalf of the Plaintiff.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Admitted.

36. Admitted.

## Civil Conspiracy

35. [The paragraphs in the Amended Complaint are not numbered sequentially.]  Denied.

## First Cause of Action:
## Fair Debt Collection Practices Act

The Defendants reincorporate the previous answers as if fully set out herein.

36. [The paragraphs in the Amended Complaint are not numbered sequentially.]  Denied, including all subparts.

37. Denied.

38. Denied.

## Second Cause of Action:
## Declaratory Relief

The Defendants reincorporate the previous answers as if fully set out herein.

39. Admitted.

40. Denied.

41. Denied.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Denied.

## Third Cause of Action:
## Defamation

The Defendants reincorporate all of the previous answers as if fully set out herein.

49. Admitted.

50. The Defendants admit a pleading with the National Arbitration Forum containing the averments setting forth the factual basis for the claim to relief.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## Prayer for Relief

The Defendants deny that the Plaintiff is entitled to the relief requested, including specifically, but without limitation, to the relief requested in the enumerated paragraphs 1-4.

## Affirmative Defenses

1. The Defendants plead the general issue.

2.    The Defendants plead that the Complaint fails to state a claim or cause of action against them, separately or severally, upon which relief can be granted.

3.    The Defendants plead the Plaintiff has failed to mitigate damages in accordance with Alabama law.

4.    The Defendants plead that the claims asserted by the Plaintiff are governed exclusively by the Fair Debt Collection Practices Act and the Defendants deny any violation of that act.

5.    The Defendants plead truth as a defense.

6.    The Defendants plead privilege and/or conditional privilege regarding all statements and disclosures to third parties.

7.    The Defendants deny any causal connection between their actions or omissions, separately or severally, and any damages asserted by the Plaintiff.

8.    The Defendants deny the Plaintiff has been damaged whatsoever.

9.    The Defendants plead that they at all times acted in good faith and without malice or intent to injure the Plaintiff; in the alternative, the Defendants plead that they took no actions, separately or severally, to cause intentional injury to the Plaintiff.

10.   The Defendants plead that if any of the averments in the Complaint are true, the Defendants, separately and severally, acted out of mistake and in good faith reliance on information provided from sources deemed reliable.

11.   The Defendants deny any violation of the FDCPA.

12.   In the alternative, the Defendants plead that any violation of the FDCPA resulted from a bona fide error despite the maintenance of specific policies and procedures designed to prevent such an error.

13. An award of punitive damages will violate the Defendants' rights to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and defendant's rights under Article I, Sections 6 and 13 of the Constitution of Alabama of 1901, because under Alabama law (a) the standard for an award of punitive damages is so vague and indefinite that it does not give defendants adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damage awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation, the residence, wealth, and/or corporate status of the defendants; (e) defendants may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity and uniformity.

13. The Defendants reserve the right to add additional affirmative defenses as discovery continues and the investigation progresses.

/s/   Neal D. Moore, III
Neal D. Moore, III (ASB-3971-M73N)
*Attorney for Defendants*

OF COUNSEL:
**FERGUSON, FROST & DODSON, LLP**
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
205-879-8722 - phone
205-873-8831 – fax

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this the 22nd day of September, 2006, served a copy of the foregoing pleading electronically via CM/ECF system on the following counsel of record:

Edward M. Wayland
Post Office Box 17
Montgomery, Alabama 36101

                /s/   Neal D. Moore, III
                OF COUNSEL

136808