IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Montgomery Division

KIMBERLEY N. HOLLEY,                )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        CIVIL ACTION NO. 2:06-cv-677-WKW
                                    )
WORLDWIDE ASSET                     )
PURCHASING, LLC., LAW OFFICES       )
OF GERALD E. MOORE &                )
ASSOCIATES, P.C., GERALD E.         )
MOORE, AND DANIELLE M. HILL,        )
                                    )
        Defendants.                 )

## ANSWER OF DANIELLE M. HILL

COME NOW, the Defendant, Danielle M. Hill, and answers the Amended
Complaint in this matter as follows:

### Introduction

The introduction to the Amended Complaint is a series of conclusory statements
and legal theories.  To the extent the introduction states a claim or cause of action
against this Defendant, all material averments are denied and strict proof demanded
thereof.

### Jurisdiction and Venue

1.      The Defendant admits this court has jurisdiction to hear claims made
under the Fair Debt Collection Practices Act.

2.      The Defendant admits that the declaratory judgment act cited in the
Amended Complaint authorizes this court to hear claims for declaratory relief.  The

Defendant denies that declaratory judgment relief is an appropriate or available remedy for the claims and causes of action in this case.

3.     The Defendant admits this court has supplemental jurisdiction to hear specific state law claims.  The Defendant denies it is liable for any violation of the state laws identified in the Complaint and Amended Complaint.

4.     Admitted.

## Parties

5.     Admitted.

6.     This Defendant has insufficient information to admit or deny this averment.

7.     This Defendant has insufficient information to admit or deny this averment.

8.     This Defendant has insufficient information to admit or deny this averment.

9.     Admitted.

10.    Denied.

## Statement of Facts

11.    Admitted.

12.    Admitted on information and belief.

13.    Denied.

14.    Based on information and belief, a person purporting to be the Plaintiff denied responsibility for the debt and was to provide additional information.  The remainder of this averment is denied.

15.    The Defendant does not know the date on which Ms. Holley received a certified letter referenced in this averment. The remainder of this averment is admitted.

16.    Admitted.

17.    The Defendant pleads that the code of procedure as established by the National Arbitration Forum is the best evidence of its terms and provisions, and pleads that this averment does not require an admission or a denial.

18.    Denied.

19.    Denied.

20.    Denied as phrased.    The Card member Agreement and Disclosure Statement is a bargained-for condition of the original extension of credit and is properly assignable to subsequent purchasers of the indebtedness.

21.    Denied.

22.    Admitted.

23.    Admitted.

24.    Admitted.

25.    Denied.

26.    Denied.

27.    Based on information and belief, an individual purporting to be the Plaintiff, called to contest the account but made no offer to resolve it.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.     Admitted.

36.     Admitted.

## Civil Conspiracy

35.     [The paragraphs in the Amended Complaint are not numbered sequentially.]  Denied.

## First Cause of Action:
## Fair Debt Collection Practices Act

The Defendant reincorporates the previous answers as if fully set out herein.

36.     [The paragraphs in the Amended Complaint are not numbered sequentially.]  Denied, including all subparts.

37.     Denied.

38.     Denied.

## Second Cause of Action:
## Declaratory Relief

The Defendant reincorporates the previous answers as if fully set out herein.

39.     Admitted.

40.     Denied.

41.     Denied.

42.     Admitted.

43.     Admitted.

44.     Admitted.

45.     Admitted.

46.     Admitted.

47.     Admitted.

48.     Denied.

## Third Cause of Action:
## Defamation

The Defendant reincorporates all of the previous answers as if fully set out herein.

49.     The Defendant admits that its arbitration petition stated its claims, the grounds therefore, and an amount in damages. The Defendant denies this amounts to a statement actionable as defamation.

50.     The Defendant admits a pleading with the National Arbitration Forum containing the averments setting forth the factual basis for the claim to relief.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

## Prayer for Relief

The Defendant denies that the Plaintiff is entitled to the relief requested, including specifically, but without limitation, to the relief requested in the enumerated paragraphs 1-4.

## Affirmative Defenses

1.     The Defendant pleads the general issue.

2.      The Defendant pleads that the Complaint fails to state a claim or cause of action against them, separately or severally, upon which relief can be granted.

3.      The Defendant pleads the Plaintiff has failed to mitigate damages in accordance with Alabama law.

4.      The Defendant pleads that the claims asserted by the Plaintiff are governed exclusively by the Fair Debt Collection Practices Act and the Defendant denies any violation of that act.

5.      The Defendant pleads truth as a defense.

6.      The Defendant pleads privilege and/or conditional privilege regarding all statements and disclosures to third parties.

7.      The Defendant denies any causal connection between their actions or omissions, separately or severally, and any damages asserted by the Plaintiff.

8.      The Defendant denies the Plaintiff has been damaged whatsoever.

9.      The Defendant pleads that they at all times acted in good faith and without malice or intent to injure the Plaintiff; in the alternative, the Defendant pleads that they took no actions, separately or severally, to cause intentional injury to the Plaintiff.

10.     The Defendant pleads that if any of the averments in the Complaint are true, the Defendant, separately and severally, acted out of mistake and in good faith reliance on information provided from sources deemed reliable.

11.     The Defendant denies any violation of the FDCPA.

12.     In the alternative, the Defendant pleads that any violation of the FDCPA resulted from a bona fide error despite the maintenance of specific policies and procedures designed to prevent such an error.

13.     An award of punitive damages will violate the Defendant's rights to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and defendant's rights under Article I, Sections 6 and 13 of the Constitution of Alabama of 1901, because under Alabama law (a) the standard for an award of punitive damages is so vague and indefinite that it does not give defendants adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damage awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation, the residence, wealth, and/or corporate status of the defendants; (e) defendants may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity and uniformity.

13.     The Defendant reserves the right to add additional affirmative defenses as discovery continues and the investigation progresses.

 /s/   Neal D. Moore, III
Neal D. Moore, III (ASB-3971-M73N)
*Attorney for Defendants*

OF COUNSEL:
**FERGUSON, FROST & DODSON, LLP**
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
205-879-8722 - phone
205-873-8831 – fax

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this the 18th day of October, 2006, served a copy of the foregoing pleading electronically via CM/ECF system on the following counsel of record:


Edward M. Wayland
Post Office Box 17
Montgomery, Alabama 36101




                                        /s/   Neal D. Moore, III                 
                                        OF COUNSEL

137883