IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Montgomery Division

**KIMBERLEY N. HOLLEY,**

      **Plaintiff,**

v.

                                                          Civil Action No.
                                                         2:06-cv-677-WKW

**WORLDWIDE ASSET**
      **PURCHASING, LLC, et al.,**

      **Defendants.**


**REPORT OF PARTIES' RULE 26(f) PLANNING MEETING**

      1. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Edward M. Wayland, counsel for the plaintiff, and Neal D. Moore, III, counsel for all defendants, have met by exchanging a series of e-mails and telephone conversations for the purpose of setting forth and agreeing to a proposed plan for discovery and other pre-trial matters. As a result of these communications, counsel for the parties propose the following Pre-Trial Plan:

      2. Pre-Discovery Disclosures. The parties will exchange the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure by November 6, 2006.

      3. Discovery Plan. The parties jointly propose to the Court the following discovery plan:

      a. Discovery will be needed on the following subjects: the history of the account in question; the facts and circumstances leading to the arbitration petition; the validity and merit of any dispute to the account; the damages alleged by the plaintiff; the allegations of civil conspiracy, violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq., and defamation; and all affirmative defenses pled.

  b. All discovery will end on June 15, 2006, and all requests for discovery will be served in time for responses to be completed by that date.

  c. The plaintiff will be permitted to propound a maximum of 40 interrogatories to all defendants and the defendants will be permitted to propound a maximum of 40 interrogatories collectively to the plaintiff.

  d. The plaintiff will be permitted to propound a maximum of 50 requests for admission to all defendants and the defendants will be permitted to propound a maximum of 50 requests for admission collectively to the plaintiff.

  e. The plaintiff will be permitted to take a maximum of 8 depositions and the defendants collectively will be permitted to take a maximum of 8 depositions.

  f. Each deposition, other than of experts, will be limited to a maximum of seven hours unless extended by agreement of the parties or by order of this Court.

  g. Reports from retained experts under rule 26(a)(2) shall be due from the plaintiff by February 1, 2007 and from the defendants by April 13, 2007.

  h. Supplementation of discovery responses under Rule 26 shall be due on February 15, 2007 and on April 15, 2007. Supplementation after April 15, 2007 shall be made as required by Rule 26.

  i. The limitations and time limits on discovery set forth herein may be changed by agreement of the parties or by order of the Court for good cause shown.

  4. Other items:

  a. The parties do not request a conference with the Court before entry of this scheduling order.

 b. The parties request a pre-trial conference in May, 2007.

 c. The plaintiff should be allowed until January 15, 2007 to join additional parties and until January 15, 2007 to amend the pleadings.

 d. The defendants should be allowed until February 28, 2007 to join additional parties and until February 28, 2007 to amend the pleadings.

 e. All potentially dispositive motions should be filed by May 1, 2007.

 f. Settlement cannot be evaluated prior to December 15, 2006.

 g. Final lists of witnesses and exhibits under rule 26(a)(3) should be due from all parties not less than 21 days before the trial date.

 h. Parties should have 10 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

 i. The parties should exchange proposed jury instructions not later than 10 days before the trial date and exchange objections to proposed instructions not later than 3 days before the trial date. They shall provide the Court with a set of jury instructions which have been agreed to at the beginning of the trial. The parties will be free to propose additional instructions as appropriate during the trial.

 j. The parties request a final pre-trial conference, as described in this Court's Rule 26(f) Order dated October 6, 2006, on or about August 1, 2007.

 k. The parties request that the trial be scheduled to take place in Dothan at the Court's September 17, 2007 term date. The parties recognize that the case was filed in Montgomery, but they believe that, with the schedule they are proposing, this is the most suitable term date for the trial to be held. In addition, this will be convenient for the plaintiff and some of her witnesses, who live in Dothan.

Respectfully submitted,

KIMBERLEY N. HOLLEY
Plaintiff
By Counsel


WORLDWIDE ASSET PURCHASING, LLC
LAW OFFICES OF GERALD E. MOORE &
ASSOCIATES, P.C.
GERALD E. MOORE
DANIELLE M. HILL
Defendants
By Counsel


s/ Edward M. Wayland_____
Edward M. Wayland, Esq.
AOC # WAY004
P.O. Box 17
Montgomery, AL   36101
(334) 834-9901
(334) 264-8742 (fax)
e-mail:  edwayland@yahoo.com

Counsel for Plaintiff


s/Neal D. Moore, III_____
Neal D. Moore, III
AOC # _____
Ferguson, Frost & Dodson, LLP
2500 Acton Road, Suite 200
Birmingham, AL   35243
(205) 879-8722
(205) 873-8831 (fax)
e-mail:  ndm@ffdlaw.com

Counsel for Defendants

4