IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLEY N. HOLLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:06-cv-677-WKW |
| | ) | |
| WORLDWIDE ASSET | ) | |
| PURCHASING, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

COME NOW, the Defendants Worldwide Asset Purchasing, LLC, the Law Offices of
Gerald E. Moore & Associates, P.C., Gerald E. Moore, and Danielle M. Hill (Defendants), and
move this Honorable Court to enter, pursuant to Rule 56 of the Federal Rules of Civil Procedure,
Summary Judgment on Cause of Action One and Three of the Plaintiff's complaint, as there are
no genuine issues of material fact and because Defendants are entitled to a judgment as a matter
of law.  Defendants further requests that Summary Judgment be entered as to each and every
Defendant pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as there is no just
reason for delay.  As grounds for this motion, Defendants state as follows:

1.      This case concerns a disputed credit card account.  The disputed account is
owned by the defendant, Worldwide Asset Purchasing, LLC, who assigned the account to the
Moore Law Firm for collections.  Ms. Kimberly Holley, the plaintiff,  disputed responsibility for
the account during the collection process.  The account was then referred to arbitration at which
point Ms. Holley retained counsel and, consistent with her request, the arbitration proceeding
was voluntarily dismissed.

2.      The plaintiff filed this lawsuit and presents to the Court three questions: Whether she is responsible for the account; whether Defendants' conduct violates the law of the state of Alabama; and, whether the Defendants' conduct violates the Fair Debt Collection Practices Act.  This motion for summary judgment filed by the Defendants, supported by a Memorandum Brief containing a statement of undisputed facts, addresses only the latter two questions identified above.

3.      Regarding the state law claims, the plaintiff seeks to recover for defamation based on the Defendants' third party communications in this matter.  These third party communications consist of the Defendants' communications and filings with the National Arbitration Forum, the entity hired to administer the arbitration proceeding referenced above.  The Defendants are not liable for any statements made to NAF because such statements were made in the initiation of and furthererance of a quasi- judicial proceeding.  Accordingly, the defendants are protected by the litigation privilege and have no liability to the plaintiff even if the contents of the filings with the NAF were  intentionally false.  The state claim asserted is due to be dismissed.

4.      The alleged violations of the FDCPA are also premised on the contents of the communications with NAF.  Specifically, the plaintiff claims that the defendants falsely misrepresented the nature and character of this debt by filing an affidavit with the NAF alleging Ms. Holley to be the party legally responsible for the indebtedness.  Since Ms. Holley disputes the account, she reasons that any information about this account must be false, as the account is not hers.  Though the FDCPA was enacted to prevent people from mischaracterizing the nature and legal status of consumer debts, it does not follow that a party is automatically liable under the FDCPA if it seeks to enforce a legal instrument and the plaintiff ultimately proves she is not the responsible party.  If this were the case, any creditor who sued to enforce its rights pursuant

to a credit agreement would automatically violate the FDPCA simply by filing suit if the debtor ultimately proves he or she is not responsible for the debt. Such an interpretation would prevent a party from accessing the judicial system for fear of violation the FDCPA. Not only is this nowhere in the FDCPA itself, but it is contradictory to the Noerr-Pennington Doctrine, Litigation Privilege Doctrine, and Witness Immunity Doctrine. Filing a lawsuit or initiating an arbitration proceeding claiming Ms. Holley to be responsible for the debt is not the type of "false and misleading" representations the FDCPA was designed to prevent.

5.    It should be noted that the plaintiff has filed a separate Motion for Summary Judgment on the declaratory judgment aspect of this case as well as on the FDCPA violations. This Motion for Summary Judgment and accompanying brief are not intended to respond to the plaintiff's Motion for Partial Summary Judgment. This motion and attached Memoranda were prepared independently of any filings of the plaintiff. The defendant will file a reply to the plaintiff's Motion for Partial Summary Judgment under separate cover. By not addressing the issues asserted by the plaintiff, or distinguishing the cases upon which the plaintiff seems to rest, the defendant is not tacitly admitting or conceding any of these points. This is an independent Motion for Summary Judgment rather than a reply. The reply will follow.

6.    There is no genuine issue as to any material fact regarding the viability of the plaintiff's state law claim or FDCPA claims. These are purely legal issues for the Court's determination. The claims based on the petitioning conduct of the defendants should be dismissed as the defendants have the right to seek a redress of grievances and do not incur individual civil liability or statutory liability for doing so.

WHEREFORE, PREMISES CONSIDERED, the defendants respectfully request this Honorable Court for an entry of judgment in their favor, pursuant to Federal Rule of Civil

Procedure 56, dismissing all claims under the FDCPA and all state law claims, for there is no genuine issue of material fact remaining and the defendants are entitled to a judgment as a matter of law.

Respectfully Submitted,

/s/ Neal D. Moore, III                    .
Jon B. Minchin (ASB-0281-A58M)
Neal D. Moore, III (ASB-3971-M73N)

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
(205)879-8722

CERTIFICATE OF SERVICE

I hereby certify that I have on this the 30th day of April, 2007, served a copy of the foregoing pleading electronically via CM/ECF system on the following counsel of record:

Edward M. Wayland
Post Office Box 17
Montgomery, Alabama 36101

/s/ Neal D. Moore, III                        .
OF COUNSEL