IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLEY N. HOLLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:06-cv-677-WKW |
| | ) | |
| WORLDWIDE ASSET | ) | |
| PURCHASING, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO PLACE EXHIBITS UNDER SEAL**

COME NOW Defendants Worldwide Asset Purchasing, LLC, the Law Offices of Gerald E. Moore & Associates, P.C., Gerald E. Moore, and Danielle M. Hill ("Defendants") and requests this Honorable Court to place under seal the exhibit specifically identified herein and in support of this motion show as follows:

1.  The parties agreed to a Consent Protective Order such that specific material produced by the defendant would not be part of the public record or used beyond this litigation. The Order did not, however, specify that items produced pursuant to the Order be placed under seal.

2.  The defendants' response to plaintiff's Motion for Summary Judgment (court file item 35) contains an exhibit, specifically the affidavit of Yale Hollander to which is attached a Purchase Sales Agreement evidencing the history of the account at issue in this matter. This PSA was produced pursuant to the anticipated Consent Protective Order.

3.  The exhibit, including the PSA, is not attached to this motion but is being provided simultaneously herewith through conventional means to the Court.

4. Because the Consent Protective Order does not address filing documents under seal, the defendants do not represent that the plaintiff consents to placing the PSA under seal. The defendants submit it is still proper to do so should the plaintiff object because the PSA contains specific information regarding the defendant, Worldwide Asset Purchasing's, business agreements and negotiations regarding non-performing debt, such agreements being particular to each business partner of Worldwide, and the production of which can or will damage Worldwide's subsequent business interests, negotiations, and relations.

5. Placing the PSA under seal will not limit the ability of the any party to use the PSA in this litigation.

WHEREFORE, PREMISES CONSIDERED, the defendants respectfully request this Honorable Court to place the Purchase Sales Agreement attached to the affidavit of Yale Hollander, as an exhibit to court file item 35, under seal.

Respectfully Submitted,

/s/   Neal D. Moore, III
Neal D. Moore, III (ASB-3971-M73N)
L. Jackson Young, Jr. (YOU035)
*Attorneys for Defendant Worldwide Asset Purchasing, LLC*

Of Counsel:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
205-879-8722 – telephone
205-879-8831 – telecopier

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this the 22nd day of May, 2007, served a copy of the foregoing pleading electronically via CM/ECF system on the following counsel of record:

Edward M. Wayland, Esq.
Post Office Box 17
Montgomery, Alabama 36101

                                            /s/   Neal D. Moore, III
                                            OF COUNSEL