IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Southern Division

**KIMBERLEY N. HOLLEY,**

      **Plaintiff,**

v.

                                                         Civil Action No.
                                                         1:06-cv-677-WKW

**WORLDWIDE ASSET**
      **PURCHASING, LLC, et al.,**

      **Defendants.**

**PLAINTIFF'S REPLY MEMORNADUM IN SUPPORT
OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT**

On April 27, 2007, the Plaintiff, Kimberley N. Holley, by counsel, filed a motion seeking partial summary judgment under Rule 56 regarding various issues in the above-entitled action. Specifically, the plaintiff seeks summary judgment on her cause of action for a declaratory judgment that the Household Bank credit card debt at the center of this action is not her debt and she seeks summary judgment as to the defendants' liability for acting in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq*. On May 21, 2007, the defendants filed their memorandum in response to the plaintiff's motion. The plaintiff submits this memorandum in reply to the arguments offered by defendants.

**Argument**

Once a party has offered evidence which demonstrates that there is no material issue of law or fact and that summary judgment is appropriate, the party opposing a summary judgment

motion has the burden of demonstrating to the court that, despite the evidence offered, summary judgment should be denied. The rules on this point are well-established:

> Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Miller v. Harget, 458 F.3d 1251, 1255 (11th Cir. 2006) (citing Lippert v. Cmty. Bank, Inc., 438 F.3d 1275, 1278 (11th Cir. 2006)). The moving party bears the initial burden of showing that there are no material issues of fact. Imaging Business Machines, LLC v. BancTec, Inc., 459 F.3d 1186, 1192 (11th Cir. 2006). Once the moving party satisfies that burden, the non-moving party must introduce facts showing a genuine issue of material fact. Id.

*Rivera v. Amalgamated Debt Collection Servs.*, 462 F.Supp.2d 1223, 1226-27 (S.D. Fla. 2006); See also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial) (internal quotations marks omitted); *Rawlings v. Dovenmuehle Mortg., Inc.*, 64 F.Supp.2d 1156, 1158-59 (M.D. Ala. 1999); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Although the non-movant may satisfy this burden by tendering depositions, affidavits and other competent evidence, "mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment." *Youngblood v. GC Services Limited Partnership*, 186 F. Supp. 2d 695, 697, (W.D. Tex 2002), quoting *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir. 1992).

**A. The Plaintiff's Motion for Summary Judgment as to the defendants' liability under her FDCPA claim should be granted.**

It is important to note at the outset the issues which the defendants have not addressed in responding to the plaintiff's motion. They have not, for example, disputed that defendants Gerald E. Moore and Danielle M. Hill are "debt collectors" within the meaning of the FDCPA.

2

See Plaintiff's Memorandum in Support of Her Motion for Partial Summary Judgment at 9-11. They have not offered any evidence from Ms. Hill or any other person explaining the basis for Ms. Hill's sworn statements in the NAF arbitration claim (Pl. SJ Ex. 1), including the statement that the Household Bank credit card debt was actually owed by the plaintiff. They have not offered any documents signed by the plaintiff and they have not provided any other evidence contradicting her statement in her Declaration that this was not her account. See Declaration of Kimberley N. Holley, ¶3. Specifically, they have not offered any documents containing, or alleged to contain, Ms. Holley's signature showing that she agreed to the credit card contract, that she ever possessed or used the credit card involved, or that she ever received or paid any bills on this account. They have not offered any evidence to refute Ms. Holley's statement that she advised them that this was a mistake, both before the arbitration claim was filed, Holley Declaration, ¶5, and afterward, id., ¶¶7,8. They have not offered any evidence to show that they took any action based on this information to determine that they were asserting a claim against the correct person. Finally, the defendants have not offered any evidence at all to support the single most important defense offered by the FDCPA, a defense which they asserted as an affirmative defense in their Answers: the defense that any misrepresentation was "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error." 15 U.S.C. §1692k(c).

      Instead of offering substantive rebuttals to Ms. Holley's evidence, the defendants present a number of arguments supporting their view that their conduct was appropriate and lawful. As the discussion which follows demonstrates, these arguments are without merit.

      First, the defendants argue that the plaintiff has mistakenly focused on whether she actually owes the debt in question rather than on the defendants' conduct. Defendants'

Memorandum at 2-5. It is true that the plaintiff has made the point that the debt involved was not hers. But the focus of her case has always been the defendants' conduct, specifically the fact that they prepared and submitted to the NAF a statement swearing to facts which were false in an attempt to collect a debt from Ms. Holley which she did not owe. In any case, the defendants' fundamental point is incorrect, because whether the debtor actually owes the debt can be relevant to some FDCPA claims. For example, the FDCPA prohibits using false or misleading representations to collect a debt (15 U.S.C. §§1692e(2)(A), 1692e(10)). Logically, demonstrating that a statement about a debt is false or misleading will normally require a showing that the debt was not owed or that the amount claimed was incorrect. Stating that a person owes a debt which she does not owe can, therefore, violate these provisions. E.g., *Williams v. Edelman*, 408 F.Supp.2d 1261, 1270 (S.D. Fla. 2005) (plaintiff stated cause of action under §1692e(2)(A) by alleging defendants attempted to collect debt from her which had been paid); see *Heintz v. Jenkins*, 514 U.S. 291 (1995) (FDCPA claim brought under §1692e(2)(A) involving statement by attorney that debtor owed amounts not due under contract).

      The principal case cited by the defendants on this point, *Ducrest v. Alco Collections, Inc.*, 931 F.Supp. 459 (M.D.La. 1996), dealt with a dispute over the meaning of a pet deposit provision in the plaintiff's lease. The plaintiff contended she did not owe such a deposit, and her landlord, the creditor, claimed she did. The landlord hired the defendant collection agency to collect the amount claimed as due. The tenant sued the debt collector under the FDCPA for attempting to collect money which she claimed was not owed. The court declined to interpret the pet deposit provision at issue, concluding that the FDCPA protected debtors whether they owed the money or not, and that the real issue was the conduct of the defendant debt collector. The court held that the debt collector was entitled to rely on the representations of its client, the

landlord, and that there was no evidence to show that it had demanded an amount knowing it was not due. Although the decision includes language suggesting that whether the debt is owed is irrelevant in an FDCPA action, it is difficult to see how the plaintiff in that case could have prevailed without showing that the amount claimed was not, in fact, due. The court basically ignored that issue and based its ruling solely on the fact that there was no showing that the debt collector had acted unreasonably or in bad faith.

In the years since *Ducrest* was decided, courts have adopted a different approach to this situation. A number of courts have held that the FDCPA is in fact a "strict liability" statute, and that a debt collector who states falsely that a debt is owed has violated the Act. "A consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996); *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004). Under §1692e, "Debt collectors may not make false claims, period." *Id.* Ignorance is no excuse and this provision applies "even when a false representation was unintentional." *Turner v. J.V.D.V. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003), quoting *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000); *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1176 (9th Cir. 2006). The debt collector's protection from liability it not in a simple reliance on whatever it is told by the company which sells it the debt for collection but in the establishment of "procedures reasonably adopted to avoid such error." 15 U.S.C. §1692k(c). As the court said in *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025 (6th Cir. 1992), a case cited by the defendants,

> "the statute does not require an independent investigation of the debt referred for collection." District Court's July 23, 1990 Memorandum Opinion at 12. Instead, the FDCPA requires "the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

5

Id. at 1032.  As the Fourth Circuit said in the recent case of *Sayyed v. Wolpoff & Abramson*, -- F.3d. --, 2007 U.S. App. LEXIS 10924 (decided May 9, 2007), "This provision offers a kind of qualified immunity to debt collectors, protecting actions which otherwise are covered by the statute but arose from bona fide error and were not intentional violations."  Id. at 12.

      The defendants in the present case have offered no evidence to show that they have any procedures to avoid asserting a claim against a person who does not owe the debt, and they have offered no evidence to show that they took any steps to avoid such an error.  They argue only that they are entitled to rely on information provided to them by the company they bought the debt from, a company which itself did not claim to have had any direct relationship with Ms. Holley.  They apparently simply ignored the information Ms. Holley gave them that they were making a mistake.  See Holley Declaration, ¶¶5, 7, 8;  Wayland Declaration, ¶¶3-5.  That is not a procedure "reasonably adapted to avoid such error."

      Finally, in the present case defendant Danielle M. Hill signed an affidavit stating "under penalty of perjury" that she knew Ms. Holley owed this debt, that she knew the amount owed by Ms. Holley and stating what that amount was, and that she knew that Ms. Holley had agreed to submit any disputes involving the credit card account to arbitration.   The defendants have failed to produce any evidence to support these statements, despite repeated requests by the plaintiff both before filing suit (Wayland Declaration, ¶¶3-5) and in discovery (Pl. SJ Exhibits 8, 9).  It must be clear, therefore, that Ms. Hill had no basis for claiming to know that these things were so and that she signed this statement under oath anyway for the purpose of collecting money from Ms. Holley.

      The defendants argue that Ms. Hill did not claim that the statements in her affidavit were based on her own personal knowledge.  Defendants' Memorandum, at 5-6.  It is true that Ms.

6

Hill did not use the words "personal knowledge." But it is also true that she used no words or phrases which would make clear that she was making a statement based on something else, such as "on information and belief" or "based on information provided by the creditor." See Pl. SJ Ex. 1, at 2-3. What is perhaps most striking about the defendants' argument is that they do not assert that the statements were true or that they had any evidentiary basis. Their position appears to be that Ms. Hill is permitted to sign an affidavit attesting to facts which she does not know, because the rules of the NAF require such a statement to be provided as part of an arbitration claim which is submitted to the NAF for resolution. Defendants' Memorandum at 6-7.

It is true, as defendants assert, that Rule 12(A)(4) of the rules of the NAF require that any arbitration claim submitted to them be supported by such an affidavit. It is fair to assume that the NAF has such a rule, because an adverse arbitration decision is, in the vast majority of cases, final and unreviewable and such a decision can have serious consequences for the respondent. In such a situation, it seems fair to require that a party seeking to invoke arbitration present a valid claim, supported by a sworn statement by someone who has actual knowledge of the facts. If that was the goal, it was not met in this case.

The defendants argue that this Court should not rule that signing such an affidavit without having sufficient information to know the facts stated violates the FDCPA, because that "would result in Defendants' never being able to submit any claim to the National Arbitration Forum without simultaneously violating the FDCPA." Defendants' Memorandum, at 7. It appears that they are saying that it is a routine, or even a necessary, part of their business practice to submit affidavits to the NAF in support of claims against alleged debtors without knowing that the facts set forth in those affidavits are true.

Despite the defendants' claims on this point, surely it is possible, and even desirable, for

7

them to know the facts they are asserting under oath before they resort to arbitration to seek payment of a debt. Clearly that is the view of the NAF. The defendants can continue to pursue lawful procedures to collect debts even if they are required to be able to prove by admissible evidence that those debts are, in fact, owed. Requiring the defendants to establish and follow such a procedure would be fully consistent with the purposes of the FDCPA to "protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." *Hawthorne v. Mac Adjustment,* 140 F.3d 1367, 1370 (11th Cir. 1998) (citing S.Rep. No. 95-382 at 1-2 (1977)). By contrast, permitting the defendants to do business in the way that they suggest, without any procedures in place to avoid situations like the one which has arisen in this case, would defeat those important purposes.

With regard to the remaining contentions asserted in the Defendants' Memorandum regarding the FDCPA claim, the plaintiff relies on the arguments and evidence previously submitted in support of her motion and in her Memorandum in Opposition to the defendants' motion for partial summary judgment.

**B. The plaintiff's motion for summary judgment on her claim for a declaratory judgment that she was not a party to the Household Bank credit card agreement, and that she owes no debt to any party based on that agreement, should be granted.**

The Defendants' Memorandum, at 9-10, makes it clear that there continues to be an "actual controversy" between the parties regarding the plaintiff's liability for the debt claimed as due under the Household Bank credit card account. This issue therefore meets the threshold requirements of 28 U.S.C. §2201-2202 for the entry of a declaratory judgment.

The plaintiff has submitted a statement made under oath saying that she was not a party

8

to the Household Bank credit card account and that she does not owe any money based on that account. Holley Declaration, ¶¶3, 4. Her attorney asked the defendants before filing suit for any documents or other evidence they had which would show that Ms. Holley owed this debt. Wayland Declaration, ¶¶3-5. She has asked in discovery for the defendants to produce any evidence they may have which would contradict her position. Pl. SJ Ex.s 8, 9. Despite these repeated requests, the defendants have produced no evidence demonstrating that Ms. Holley has any responsibility for the Household Bank credit card account. In response to Ms. Holley's motion for summary judgment, the defendants have still failed to produce any such evidence. Instead, they have asserted, without proof, that "the cardholder agreement which Household Bank originally provided to Plaintiff created the legally binding agreement." Defendants' Memorandum, at 10. If the defendants had any proof that Household Bank had ever provided such an agreement to Ms. Holley, or that Ms. Holley ever had any connection to the Household Bank credit card account, they would have produced it before now, and they would have submitted it for this Court's consideration. They did not. Ms. Holley is, therefore, entitled to summary judgment on this claim.

The defendants argue that they are not obligated to produce a signed credit card application in order to establish her liability for the debt claimed to be due under this account. Defendants' Memorandum at 9. Their argument is that the existence of an enforceable contract can be demonstrated by "the issuance and use of a credit card, not the customer's signature." Id. Even granting that this is so, the outcome is the same, because the defendants have not produced any evidence that a credit card was issued to Ms. Holley or that she ever used it. Surely the defendants are obliged to produce *some* evidence if they wish to assert a claim against Ms. Holley.

All the cases cited by the defendants stand for the proposition that the use of a credit card, or authorizing another person to use a credit card, creates a contractual obligation to pay the bills that result. The plaintiff concedes that this is a correct statement of the law. In those cases, the credit card companies produced evidence showing that the credit cards had been issued, that they had been used, that statements had been mailed to the debtors, and/or that payments had been made on the account. The defendants in the present case have failed to produce any such evidence. The totality of the defendants' evidence is that Ms. Holley's name, slightly misspelled,[1] appeared on a computer print-out which they received from their assignor, a company which was itself an assignor of this account and which had no direct contractual relationship with Ms. Holley. This is apparently the best that the defendants can do.

Based on this evidence, no trier of fact could conclude that Ms. Holley was ever a party to the Household Bank credit card account or that she has any responsibility for payment of any amounts which may be due under that account. There is no genuine dispute as to the facts on this issue, and Ms. Holley is entitled to the declaratory judgment she has requested as a matter of law. Under these circumstances, Ms. Holley's motion for summary judgment on her declaratory judgment claim should be granted.

## Conclusion

For the foregoing reasons, the plaintiff, Kimberley N. Holley, asks this Court to enter summary judgment in her favor under Rule 56, ruling that the defendants have violated the provisions of 15 U.S.C. §§1692e(2)(A), 1692e(10) and 1692f of the FDCPA and are liable to her

---

[1] The name given at the end of the defendants' exhibit submitted with regard to this summary judgment motion is "Kimberly Holley" while the plaintiff's name is "Kimberley N. Holley" (with an "e" in Kimberley).

for appropriate damages under that Act, and entering a declaratory judgment finding that she was not a party to the Household Bank credit card account involved in this case and that she does not owe any debt to any party based on that account.

                                          Respectfully submitted,

                                          KIMBERLEY N. HOLLEY
                                          Plaintiff
                                          By Counsel

s/ *Edward M. Wayland*
Edward M. Wayland, Esq.
AOC # WAY004
P.O. Box 17
Montgomery, AL   36101
(334) 834-9901
(334) 264-8742 (fax)
e-mail:  edwayland@yahoo.com

Counsel for Plaintiff

                                          CERTIFICATION

     I hereby certify that a true copy of the foregoing Plaintiff's Reply Memorandum in Support of Her Motion for Partial Summary Judgment was filed with this Court using the CM/ECF filing system on this 1st day of June, 2007, and that this Court will electronically deliver a copy to Neal D. Moore, III, Esq., Jon B. Minchin, Esq., and L. Jackson Young, Jr., Esq., Ferguson, Frost & Dodson, LLP, 2500 Acton Road, Suite 200, Birmingham, AL  35243, counsel for defendants.

                                                        s/ *Edward M. Wayland*
                                                        Edward M. Wayland