IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLEY N. HOLLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WORLDWIDE ASSET )<br>PURCHASING, LLC, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO. 1:06-cv-677-WKW |

**OPPOSITION TO MOTION TO EXTEND THE DISCOVERY DEADLINE**

COME NOW the defendants, Worldwide Asset Purchasing, LLC, the Law Offices of Gerald E. Moore & Associates, P.C., Gerald E. Moore, and Danielle Hill, and object to the request of the plaintiff to extend the discovery deadline, and in support of this objection show as follows:

1.  The Scheduling Order entered by this Court allows until July 19, 2007, to complete discovery. As the Court knows, however, the parties were required to submit to this Court a mutually agreeable Scheduling Order governing all pre-trial activity including discovery. To that end, the parties jointly submitted a proposed Scheduling Order providing as follows: "All discovery will end on June 15, 2007, and all requests for discovery will be served in time for responses to be completed by that date." Nonetheless, the Court allowed <u>more</u> time than the parties requested by setting the discovery deadline for July 19, 2007. Surely,

neither party can argue at this stage that an inadequate amount of time was allowed to conduct any discovery the party deemed necessary.

2. The plaintiff has chosen not to take depositions until the deadline elapsed. Having reviewed the file, the undersigned cannot locate any Deposition Notices filed by the plaintiff, or any meaningful requests for deposition dates to which the defendants did not reply. It is not alleged, nor can it be demonstrated that the defendants delayed or obstructed the plaintiff's efforts to take depositions. The fact of the matter is the plaintiff simply has not tried to take the defendants' depositions during the nine months that discovery was pending.

3. The defendants do not desire to depose the plaintiff prior to trial (if necessary), and should not be forced to undergo the time and expense of preparing and defending depositions now that the plaintiff has allowed the discovery window to close. This is particularly true since the plaintiff is seeking attorney fees and will doubtlessly try to recover her own counsel's time and expense in preparing for depositions. That the plaintiff chose not to do this before discovery was over is a decision that the defendants cannot control. The plaintiff has submitted no reason, much less a compelling reason, to extend the discovery deadline.

4. While it is true both parties have summary judgment motions pending, the resolution of those motions would have little meaningful effect on any proposed deposition testimony. The true cost and expense is the act of taking the deposition, not whether the plaintiff will ask questions about the

origination of the account or the collection efforts. The plaintiff does not suggest any discovery is <u>necessary</u>, only that the plaintiff <u>wants</u> to take it. The plaintiff suggests she has delayed in scheduling depositions to obtain a ruling on summary judgment but this has certainly never been communicated to the defendants or the Court prior to the pending motion. Though the plaintiff may want to take depositions after summary judgment is decided, the Scheduling Order to which the plaintiff consented does not make this concession. The defendant respectfully suggests that the plaintiff's explanation that she has delayed in taking depositions to save money is no a compelling reason to alter the Scheduling Order, even if this reason is legitimate.

5. The defendants do not consent to change the Scheduling Order at this stage of litigation.

WHEREFORE, PREMISES CONSIDERED, the defendants respectfully request this Honorable Court to deny the plaintiff's Motion to Extend the Discovery Deadline. In the alternative, should this Court allow depositions to go forward, the defendants respectfully request this Honorable Court to tax all costs of the depositions, including defense attorney time and travel expenses, to the plaintiff. Furthermore, the defendants would request that any plaintiff's attorney time spent preparing for these depositions not be subject to fee shifting. It is only the plaintiff who seeks to extend this deadline, it is only the plaintiff that is responsible for her failure to take depositions within the time prescribed, and the

defendant should not have to bear this additional cost now that the discovery window has closed.

Respectfully Submitted,

/s/ Neal D. Moore, III            .
Neal D. Moore, III (ASB-3971-M73N)

**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
    2500 Acton Road, Suite 200
Birmingham, Alabama  35243
(205)879-8722

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this the 13th day of July, 2007, served a copy of the foregoing pleading electronically via the CM/ECF system on the following counsel of record:

Edward M. Wayland, Esq.
Post Office Box 17
Montgomery, Alabama 36101

    /s/ Neal D. Moore, III            .
OF COUNSEL